Filed 10/20/14  P. v. Gale CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B253069 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA412840) |
| v. | |
| BENJAMIN A. GALE, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant Benjamin A. Gale appeals from the judgment entered following a jury trial that resulted in his conviction of one count of felony corporal injury to a spouse or cohabitant in violation of Penal Code section 273.5, subdivision (a).  The trial court suspended imposition of sentence and placed defendant on probation for a period of 60 months under terms and conditions of probation.

We appointed counsel to represent defendant on this appeal.  After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that he had

---

[*]     BOREN, P. J., CHAVEZ, J., FERNS, J.†

†     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

been unable to find any arguable issues. On June 9, 2014, we advised defendant he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

Brenda Samayoa testified at defendant's trial that she had lived with defendant for seven years, they had two children together, and they were expecting a third. Defendant alone supported the family. She testified that on the day of the incident, defendant had just started to drink a beer when he asked her to go to the store, and she refused. They began arguing with each other. She denied telling police that defendant said, "You have to do whatever I say because I'm your husband." When asked if defendant punched her, Samayoa testified that she slipped and hit her face on the floor while they were tugging and pulling at each other. She denied telling police that defendant punched her with a closed fist. The jury was shown photographs of the injuries to Samayoa's face. Samayoa acknowledged she had taken a photograph of her face and sent it to defendant's sister, Zoyla Vargas. At trial, she stated she sent the photo because Vargas sometimes did not answer her phone, and Samayoa wanted Vargas to pick up her son. She thought Vargas would come more quickly if she saw the photograph. She denied she sent the photograph and told Vargas that defendant was hitting her. Vargas came quickly and called the police only because Samayoa did not come outside right away. Samayoa denied she told Vargas that defendant would not let her go out.

Vargas testified that she called 911 when she arrived at Samayoa and defendant's home because Samayoa did not answer the telephone. She denied speaking to Samayoa and telling the 911 operator that Samayoa told her defendant was still hitting her. She denied telling the 911 operator, "I think he's going to kill her or something." A recording of the 911 call was played for the jury. Vargas then stated she told the operator, "My brother is hitting her" because "that's the first thing that comes to one's mind."

Officer Ramon Lomeli responded to a domestic violence radio call to Samayoa and defendant's residence. Defendant answered the door and was detained. Officer Lomeli was startled when he saw Samayoa because her face was covered in blood. Her left eye was swollen shut and bruised and she had a laceration above her left eye. She

2

was nervous and shaking. She said defendant had been drinking. When Samayoa refused to go to the store with defendant to buy more beer, they argued. Defendant became enraged and punched her numerous times on her face with a clenched fist. Officer Lomeli was of the opinion that Samayoa's circular injuries were consistent with being punched. Officer Edward Palacios, who detained defendant, testified that defendant appeared to be under the influence of alcohol and showed no signs of injury.

Defendant testified that he and Samayoa began arguing and pushing each other. When he stepped back, she came running toward him. He moved to the side, and she fell and landed on her face. He denied punching her. Samayoa went into the bathroom and sent the photograph so that Vargas would come and pick up their son while defendant and Samayoa went to the hospital.

We have examined the entire record, and we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

3